Dear Judge McBride:
Your request for the opinion of this office has been forwarded to the undersigned for disposition. As I appreciate it, your question concerns the authority of justices of the peace (1) to fix bail in non-capital cases, (2) to discharge on recognizance persons arrested by the sheriff upon warrant of the district judge for offenses not capital or necessarily punishable by hard labor. As you correctly noted in your letter, Louisiana Code of Criminal Procedure Art. 315 provides that justices of the peace, throughout their territorial jurisdiction, shall have the authority to fix bail in "cases not capital or necessarily punishable at hard labor."
LSA R.S. 13:2584 clarifies:
C. They shall have criminal jurisdiction as committing magistrates only, and shall have the power to bail or discharge, in cases not capital or necessarily punishable at hard labor, and may require bonds to keep the peace.
The statutory language clearly indicates that justices of the peace have authority to bail or discharge individuals who are arrested within the ward or parish constituting "their territorial jurisdiction."
Your inquiry, however, raises another question. Does this authority extend to those instances where a person is arrested by the sheriff upon warrant of a district judge?
In measuring the authority of justices of the peace, it is necessary to consider the provisions in our law which set out the rights of an accused to bail and/or discharge. Article 1, § 18 of the Louisiana Constitution establishes that "before and during trial, a persons shall be bailable by sufficient surety, except when he is charged with a capital offense and the proof is evident and the presumption of guilt is great." This Section implicitly connects the right to bail with the before-trial presumption of innocence. Viewing the above-cited statutes in light of the constitutional guarantee of Art. 1, § 18 permits the inference that justices of the peace are authorized to facilitate the exercise of the accused's right to bail so long as the accused is within the territorial jurisdiction of the Justice of the Peace court.
Code of Criminal Procedure Art. 230.1 provides in pertinent part:
A. The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two hour period referred to herein. The defendant shall appear in person unless the court by local rule provides for such appearance by telephone or audio-video electronic equipment.
B. At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine or review a prior determination of the amount of bail. (Emphasis added)
That the article as written calls for the prompt presentation of an accused before "a judge" suggests that any judge who has territorial jurisdiction would be appropriate for the purposes of the article, including the determination of the amount of bail.
In State v. Chaney, 384 So.2d 442 (La. 1980), the court considered the interpretation and application of Art. 230.1 and held that the article "had to be given effect as written." Strictly construing the wording of the article, then, it is the opinion of this office that a justice of the peace has authority to fix bail in all cases brought before him through arrest within his jurisdictional area for offenses not captial or necessarily punishable by hard labor.
This authority would extend to persons arrested by the sheriff upon warrant of a district judge. Code of Criminal Procedure Art.232, relative to arrests by out-of-state peace officers for offenses committed out of state, provides that such officers "shall, without unnecessary delay, take the arrested person before a judge of the parish in which the arrest was made, . . . . If the judge determines that the arrest was lawful he shall, subject to the rights of bail as stated in Art. 271, commit the person arrested to jail . . . If the judge determines that the arrest was unlawful he shall discharge the person arrested." (emphasis added) This broad authorization to judges to bail or discharge out-of-state offenders arrested within the court's jurisdiction warrants the inference that the same authority would apply to the treatment of in-state offenders arrested within the court's jurisdiction.
Article 336 of the Code of Criminal Procedure specifically addresses release on recognizance and offers additional support for the conclusions drawn above:
A. A person in custody may be released by order of the court on his personal bail undertaking without the necessity of furnishing a surety, without meeting the requirements of Article 324 for a personal surety, and without depositing special security under Article 333.
This section establishes the general authorization for release on recognizance. Read together with R.S. 13:2584 cited above, the reasonable conclusion may be drawn that justices of the peace are authorized to release on recognizance in cases not capital or necessarily punishable at hard labor.
Article 336 goes on to establish a procedure for conditional release of recognizance relative to traffic charges pending in other parishes.
C. A person in custody for a criminal offense, for whose arrest a warrant of arrest has been issued in another parish for a traffic offense other than an offense defined in the Louisiana Criminal Code may be released by a judge issuing the warrant of arrest or by a judge of a court having criminal jurisdiction where he is in custody, as provided in Paragraph A of this Article, on the condition that he shall appear and surrender himself before the judge issuing the warrant. The judge may order such bail and release by telephone or other means of communication. (Emphasis added)
Thus the statute specifically provides for release on recognizance of traffic offenders arrested on out-of-parish warrants conditioned upon the accused's promise to surrender himself before the judge who issued the warrant. It is inferred that so long as a justice of the peace has criminal jurisdiction over such an offender, he is empowered to act in accordance with Art. 336(A) in regard to cases not capital or necessarily punishable at hard labor.
A re-examination of the applicable statutes indicates that (1) Justices of the peace have authority to bail or discharge in cases not capital or necessarily punishable at hard labor (R.S.13:2584) throughout their territorial jurisdiction. (C.Cr.P. 315). (2) This authorization extends to include the bail or discharge of such offenders who are arrested on warrants issued outside the state (C.Cr.P. 232), and inferentially to arrests on warrants issued by a district judge (C.Cr.P. 232, 336). These conclusions are consistent with the apparent legislative intent to empower judges and, in their more limited capacity, justices of the peace to facilitate the prompt bail or discharge of any person arrested in their jurisdiction who merits such treatment, in compliance with the dictates of the Louisiana Constitution. In keeping with this intent and the statutes cited above, it is the opinion of this office that justices of the peace, throughout their territorial jurisdiction, may fix bail or discharge on recognizance persons arrested by the sheriff upon warrant of the district judge for offenses not capital or necessarily punishable by hard labor.
I hope this information is helpful to you. If you need further assistance in this or any other matter, please do not hesitate to call on this office.
Sincerely,
William J. Guste, Jr. Attorney General
By: Rene Salomon Assistant Attorney General
 Office of the Attorney General State of Louisiana
 Opinion No. 98-15 April 1, 1998
8 Bonds 56 Judges La. C.Cr.P. art. 342
La. C.Cr.P. art. 338
This opinion clarifies the Louisiana law on bond setting and reduction, and sets forth that, under La. C.Cr.P. art. 338, bond reduction orders must be in writing when bond reduction hearings are mandatory under La. C.Cr.P. art. 342.
Mr. C.J. Cazes Chief of Police Plaquemine City Police Department P.O. Box 329 Plaquemine, LA 70765